**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of James Gibson, Appellant.

Appellate Case No. 2017-000610

---

Appeal From Orangeburg County
James R. Barber, III, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-275
Submitted May 8, 2019 – Filed July 31, 2019

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** James Gibson appeals his order of commitment to the Department of Mental Health for long-term control, care, and treatment following a jury finding he is a sexually violent predator (SVP) pursuant to the SVP Act (the Act). We affirm.

Gibson's only argument on appeal is that the trial court erred in refusing to qualify a witness as an expert in psychology "solely on the basis that she was not a

licensed psychologist." However, a review of the record reveals the trial court did not rely solely on the lack of a license in determining the witness did not qualify as an expert in psychology. The trial court listened to testimony concerning the witness's education and experience and found she was a counselor who had taken some psychology courses and taught some psychology related courses, but she was not licensed as a psychologist, she was not trained as a psychologist, she was not a practicing psychologist, and she was not a professional psychologist. Accordingly, we find no merit to Gibson's argument.

Further, even assuming Gibson has otherwise adequately challenged on appeal the trial court's determination that Dr. Taylor was not qualified to give expert testimony as a psychologist, we find no error. *See State v. Chavis*, 412 S.C. 101, 106, 771 S.E.2d 336, 338 (2015) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion."); *id.* ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the [trial] court are either controlled by an error of law or are based on unsupported factual conclusions."); *State v. White*, 382 S.C. 265, 273, 676 S.E.2d 684, 688 (2009) ("The party offering the expert must establish that his witness has the necessary qualifications in terms of 'knowledge, skill, experience, training or education.'" (quoting Rule 702, SCRE)); *id.* at 274, 676 S.E.2d at 689 ("[T]he trial courts of this state have a gatekeeping role with respect to all evidence sought to be admitted under Rule 702 . . . ."); *id.* ("In the discharge of its gatekeeping role, a trial court must assess the threshold foundational requirements of qualifications and reliability . . . ."); *id.* ("The familiar evidentiary mantra that a challenge to evidence goes to 'weight, not admissibility' may be invoked only after the trial court has vetted the matters of qualifications and reliability and admitted the evidence."); *Teseniar v. Prof'l Plastering & Stucco, Inc.*, 407 S.C. 83, 91, 754 S.E.2d 267, 271 (Ct. App. 2014) ("While 'non-compliance with licensing requirements or with the statutory law in specialized areas should not require, *a fortiori*, a trial court to refuse to qualify a witness as an expert,' a trial court can consider it as a factor 'when judging a purported expert's qualification.'" (quoting *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 556, 658 S.E.2d 80, 86 (2008))); *Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) ("[W]hile the expert need not be a specialist in the particular branch of the field, the trial court must find that the proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.